# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brand Energy & Infrastructure Services, Inc. and Brand Energy Services, LLC, | : : : : : | No: 5:16-cv-02499 <br><br> Judge Lawrence F. Stengel |
| Plaintiffs, | : : | |
| | : | JURY TRIAL DEMANDED |
| v. | : : | ELECTRONICALLY FILED |
| Irex Corporation, Vertical Access Solutions, LLC, Prime Industrial Access, LLC, Robert Russo, Albert Rowe, Christopher Altmeyer, John Kwiatkoski, Terry Shriver, Stephen Pilon, Joseph D'Ulisse, David Crow, Leslie Johnson, Cathy Walls, Jeffrey Maupin and Denver Keene | : : : : : : : : : : | |
| Defendants. | : | |

## TEMPORARY RESTRAINING ORDER

AND NOW, this _____ day of June, 2016, upon consideration of the Motion For Temporary Restraining Order, Declarations, exhibits, and supporting brief filed by Plaintiffs, Brand Energy & Infrastructure Services, Inc. ("BEIS") and Brand Energy Services, LLC ("Brand") (collectively, "Plaintiffs"), against Defendants Irex Corporation, Vertical Access Solutions, LLC, Prime Industrial Access, LLC, (collectively, "Irex Company Defendants") and Individual

Defendants Albert Rowe, Jeffrey Maupin, and Denver Keene (collectively, "the TRO Defendants"), and any response thereto, IT IS HEREBY ORDERED AND DECREED that the Motion is GRANTED.

It is further ORDERED AND DECREED that:

1. The Irex Company Defendants shall immediately withdraw any bids for the Arizona Public Service ("APS") Four Corners Power Plant in New Mexico ("the Four Corners Project") scaffolding and insulation work, whether submitted by or on behalf of any of them, or any other Irex entity or affiliate under their control, and shall permanently refrain from all efforts to pursue that work on the Four Corners Project.

2. For one year from the date hereof, in strict compliance with Paragraph 3 of their respective Confidentiality, Non-Competition, Non-Solicitation and Invention Assignment Agreements ("Agreements"), Maupin and Keene shall refrain from, and the Irex Company Defendants shall prohibit Maupin and Keene from:

> (a) directly or indirectly assisting any Irex entity or affiliate, or any officer or employee thereof, with any project, customer, bid, business opportunity or work for any person or entity engaged in the businesses described therein, in the "Restricted Area," as defined in the Agreements, of their non-competition agreements;

> (b) directly or indirectly recruiting, soliciting, hiring or attempting to recruit, solicit or hire any Brand entity employee who was employed with a Brand entity during the last year of Maupin and Keene's employment with Brand to work for any Irex entity or affiliate; and

(c) selling, renting, providing, or attempting to sell, rent, or provide any products or services in competition with or similar to those products or services which a Brand entity sold, rented, or provided, or attempted to sell, rent, or provide, during Maupin and Keene's respective employment with Brand, to: (1) any Company or other entity to whom they or any employee reporting directing to them sold, rented, provided, or attempted to sell, rent, or provide any Brand entity products or services at any time during the last one year of their employment with Brand; or (ii) any person, company, or other entity with whom they had material contact during the last one year of their employment with Brand.

3. The Irex Company Defendants agree for themselves and all persons or entities acting in concert with them, or on their behalf, to screen Maupin and Keene off from such project, customer, bid, business opportunity, or work as described in Sections 3(a) and (c) of this Order.

4. "Screen off" shall mean taking all internal and external measures that, under the circumstances, are necessary and appropriate to ensure that Maupin and Keene are not involved indirectly or directly in any aspect of such project, customer, bid, business opportunity, or work, and that they provide no information, direction, or recommendation with respect thereto.

5. If the Irex Company Defendants are unable to reassign Maupin and Keene to a geographical area and to existing and potential customers and projects that do not violate their Agreements, the Irex Company Defendants shall dismiss them from employment.

6. The TRO Defendants shall return to Plaintiffs immediately all Brand confidential information and trade secrets in their possession, whether written or

electronic, as further set forth in Paragraph 2 of their Agreements, including but not limited to any such information copied from the contents of the Maupin and Keene Brand-issued computers.

7. The Irex Company Defendants shall provide Plaintiffs with access to any electronic devices they or any Irex entity issued to Rowe, Maupin, and Keene, including, but not limited to, laptop and other computers, cell phones, and personal data assistants (PDAs) for LCG Discovery Experts to perform full forensic searches on the devices. The forensic searches shall be subjected to a protocol to cover appropriate search terms, the individuals entitled to view the results of the searches, and confidentiality protections for the Irex Company Defendants' business information.

8. The TRO Defendants, and any individual or entity under their control, shall not use any of Plaintiffs' confidential, proprietary, or protected business information or trade secrets, whenever obtained, to solicit or compete for any customer, project, or work, and shall return all such information or trade secrets to Plaintiffs immediately and shall not retain any copies thereof.

9. The TRO Defendants, and any individual or entity under their control, shall not cite Plaintiffs, this lawsuit, or the dispute with Plaintiffs as the basis for the withdrawal of the bids to any individual or entity, including, but not limited to,

Aecom, APS, or any other individual or entity involved in the Four Corners Project.

10. The TRO Defendants, and any individual under their control, shall not disparage Plaintiffs or any other Brand entity or individual in any way to any customer or potential customer of any Brand entity, including, but not limited to, persons and entities involved in the Four Corners Project.

11. Nothing in this Order shall be construed to limit or affect Plaintiffs' right to pursue to completion and resolution the underlying claims in the Complaint against any Defendant named in the Complaint, whether through preliminary injunctive or standard proceedings, as this Order resolves only the parties' current dispute as to the Four Corners Project.

12. The Irex Company Defendants shall provide proof to Plaintiffs by 5:00 p.m. on Thursday, June 9, 2016, that they have withdrawn the Four Corners bids.

BY THE COURT:

_____
J.

Distribution:
Bridget E. Montgomery, Esquire, Eckert Seamans Cherin & Mellott, LLC, 213
  Market Street, 8th Floor, Harrisburg, PA 17101
Mark P. Goodman, Esquire, Debevoise and Plimpton, LLP, 919 Third Avenue,
  New York, NY 10022
Susan K. Lessack, Esquire, Pepper Hamilton LLP, 400 Berwyn Park, 899 Cassatt
  Road, Berwyn, PA 19312-1183