**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRAND ENERGY &** | : | |
| **INFRASTRUCTURE SERVICES,** | : | |
| **INC., et al.,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **NO. 16-2499** |
| | : | |
| **IREX CONTRACTING GROUP, et** | : | |
| **al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ELECTRONIC DISCOVERY PROTOCOL ORDER

**AND NOW,** this 16th day of November, 2016, in consideration of the parties'

epistolary submissions regarding their discovery dispute over the exchange of electronic

devices and information, and after a telephone conference with counsel, **IT IS HEREBY**

**ORDERED** that good cause exists for the entry of an Electronic Discovery Protocol

Order (hereinafter "Protocol Order") pursuant to Federal Rule of Civil Procedure 26(c).[1]

**IT IS FURTHER ORDERED** that:

1.     This Protocol Order shall be applied in conjunction with the terms of the

Protective Order signed by the Court in this matter on August 16, 2016 ("Protective

---

[1] Both parties agree that an electronic discovery protocol is necessary. Plaintiffs have taken issue with producing certain electronic devices in their possession. See infra ¶ 3. However, the Federal Rules of Civil Procedure make clear that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim *or defense*." Fed. R. Civ. P. 26(b)(1) (emphasis added). Because plaintiffs' claims include allegations that certain individuals used Brand devices to misappropriate information, I find that these electronic devices are relevant to the defendants' defense of these claims. Plaintiffs have not articulated how production of these electronic devices would be burdensome to them. Accordingly, both the plaintiffs and defendants shall make available those electronic devices as described infra at paragraph 3 of this Protocol Order.

Order").  To the extent that there is any inconsistency between the Protective Order and this Protocol Order, the Protective Order will govern.

2.     The Irex Company Defendants shall provide electronic devices or full verified forensic copies of the devices to Plaintiffs' forensic discovery investigator and expert LCG Discovery Experts ("LCG"), and the Plaintiffs shall provide electronic devices or full verified forensic copies of the devices to Defendants' forensic discovery investigator and expert LDiscovery, for examination, provided that LCG and LDiscovery have first signed the "ACKNOWLEDGEMENT, UNDERSTANDING, AND AGREEMENT TO BE BOUND" attached as Attachment A.  LCG and LDiscovery shall make verified master and working forensic copies of all electronic media received and shall conduct any and all forensic analysis from the working copies.  LCG and LDiscovery shall document all pertinent information about the electronic media received and maintain chain of custody.

3.     The electronic devices shall include any "electronic device" (a) issued by any of the Irex Company Defendants to any of the Irex Individual Defendants, (b) issued by any Irex Company Defendant and used by any Irex Individual Defendant at any time before or during his employment or consulting arrangement with an Irex Company Defendant, (c) in Plaintiffs' possession, custody or control that Plaintiffs contend was used by any of the Irex Individual Defendants to misappropriate any of Plaintiffs' confidential information, documents or trade secrets, (d) in Plaintiffs' possession, custody or control that Plaintiffs contend was used by Heather Mazgay, Joseph D'Ulisse, Cathy Walls, David Crow, Leslie Johnson and/or James Stanich to misappropriate any of

2

Plaintiffs' confidential information, documents or trade secrets, (e) that Plaintiffs have or will provide to any expert witness for examination in this litigation, including but not limited to LCG. Electronic devices include, but are not limited to, laptop and other computers, cell phones, other mobile devices such as tablet computers, and portable storage devices (such as USB or "thumb" drives). In addition, this Protocol Order will cover forensic reviews of any other electronic device issued or used by an employee of an Irex Company Defendant or of the Plaintiffs that the facts reveal are likely to contain Plaintiffs' protected business information, evidence of the misappropriation of Plaintiffs' protected business information, or evidence of any Irex Individual Defendant's violation of non-competition, non-solicitation, and/or confidentiality obligations owed to Plaintiffs or any other BEIS subsidiary. Plaintiffs' protected business information and rights are understood to include the protected business information or rights of any BEIS subsidiary. Nothing in this Protocol Order constitutes agreement for Plaintiffs to examine personal electronic devices of an Irex Individual Defendant, but should such devices be produced by agreement of the Irex Individual Defendants or pursuant to a Court Order, the procedures in this Protocol Order will apply.

      4.     LCG and LDiscovery may perform keyword/keyphrase searches on all provided devices/data sources for the purpose of identifying Plaintiffs' protected business information, evidence of the misappropriation of Plaintiffs' protected business information, or evidence of any Irex Individual Defendant's violation of non-competition, non-solicitation, and/or confidentiality obligations allegedly owed to Plaintiffs or any other BEIS subsidiary. The parties will negotiate in good faith and agree upon an initial

set of keywords/keyphrases, which they shall submit to this Court. Once the parties submit an agreed upon set of keywords/keyphrases, the list will be incorporated into this Protocol Order.  Additional keywords/keyphrases not agreed to initially shall be agreed upon by the parties, in writing, prior to using such keywords/keyphrases.  In the event that any party disputes any proposed keywords/keyphrases and the parties are unable to resolve any such disputes within five (5) business days, the matter shall be submitted to this Court.

5.      LCG and LDiscovery may use the approved keywords/keyphrases to evaluate the entire contents within the full, verified forensic images of all provided electronic devices/data sources, including, without limitation, all files, file names, file contents, deleted files, emails, metadata, and other information contained on the electronic devices/data sources, for the sole purpose of investigating and evaluating activity related to the existence of Plaintiffs' protected business information on the devices, and/or to the transfer, modification, deletion, access to, and/or use of Plaintiffs' protected business information, and/or the alleged violation of Plaintiffs' rights with respect to non-competition, non-solicitation, and confidentiality by any Irex Individual Defendant.  The right to investigate and evaluate such information shall not be limited by virtue of the Irex or Brand entity involved in such violation(s).  This evaluation may include a forensic investigation and analysis of any hits of agreed-upon keywords/keyphrases to examine deletion and transfer activity related to such hits.

6.      LCG and LDiscovery will isolate and copy onto new media any native files with hits of agreed-upon search terms and a master list of those files.  LCG and

4

LDiscovery will not review the substance of those files.  The master list shall include file names, along with pertinent metadata (including, but not limited to, item number, hash value, file paths, all associated timestamps, deletion status, and in the case of e-mail, the to/from/cc/bcc fields).  LCG or LDiscovery will then provide a copy of the master list to counsel for the Producing Party.  The Producing Party shall review the master list, in good faith, for relevance under the Federal Rules, privilege, and the existence of confidential information.  Within ten (10) business days of receiving a copy of the master list from LCG or LDiscovery, the Producing Party will return the master list to LCG or LDiscovery, with clearly identified designations for CONFIDENTIAL, ATTORNEYS' EYES ONLY, not relevant, and privileged, with clearly stated justifications for said designations, and with sufficient metadata to allow the Receiving Party to dispute any classification of CONFIDENTIAL, ATTORNEYS' EYES ONLY, not relevant or privileged.  Upon receipt of the master list with the Producing Party's said designations, LCG or LDiscovery shall forensically analyze all relevant, non-privileged files that contain hits of agreed-upon search terms; produce the master list, with said designations, to counsel for the Receiving Party; and produce all relevant, non-privileged files from the master list, in native form, to counsel for the Receiving Party and counsel for the Producing Party.  In the event that the Receiving Party disputes any designations and the parties are unable to resolve any such disputes within five (5) business days, the Receiving Party shall submit the disputed native files to this Court for in camera review immediately.

7.    The parties understand that the electronic devices examined may contain information that is privileged or that constitutes confidential information of one of the parties.  To protect the parties' good faith interests in maintaining the confidentiality of any confidential information contained in the files on the electronic devices, the contents of all files located on electronic devices shall initially be deemed without any further need for designation to be "ATTORNEYS' EYES ONLY" Information under the Protective Order, even if the entire contents appear to contain no confidential information, pending a party's review of the master list as provided in Paragraph 6.  The inadvertent production of any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or privileged materials or documents shall be without prejudice to any claims that the materials are appropriate for such designation or are privileged, and shall constitute neither a waiver of any privilege that may otherwise attach thereto nor a general waiver of such privilege.  Upon demand of any party, all copies of any inadvertently provided materials shall be returned, sequestered or destroyed pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

8.    Unless otherwise agreed to by the parties, and subject to the ACKNOWLEDGMENT, UNDERSTANDING AND AGREEMENT TO BE BOUND attached hereto as Attachment A, documents or information designated CONFIDENTIAL shall be disclosed only to:

(a)    the Court and its officers;

(b)    counsel representing any party in connection with this litigation (and the employees of such counsel);

(c)      the parties to this action and no more than five employees, including employees who may appear as witnesses in any deposition or hearing, who are necessary to assist counsel in evaluating the documents or information, who the Receiving Party will designate to all other parties and who will return all such designated materials to counsel as soon as their use in the litigation ends.  Upon such designation, any other party may file a motion objecting to any of the employees designated.  The Receiving Party may not make the subject information available to the designated employees until the designated employees execute the ACKNOWLEDGEMENT, UNDERSTANDING, AND AGREEMENT TO BE BOUND attached hereto as Attachment A, which will be provided to all other parties; AND (a) all other parties have expressly consented to the designation, or (b) five (5) business days have passed without any other party filing a motion objecting to the designation, or (c) the Court has denied any objection filed by any other party.

(d)      experts and consultants used by counsel of the parties to assist in this litigation.  The Receiving Party may not make the subject information available to experts or consultants until the expert or consultant has executed the ACKNOWLEDGEMENT, UNDERSTANDING, AND AGREEMENT TO BE BOUND attached hereto as Attachment A, which will be provided to all other parties;

(e)      court reporters, translators, duplicating services, and auxiliary services of like nature routinely engaged by counsel; and

(f)      witnesses to be deposed or to appear at any hearing or trial in this matter.

7

9.     A higher level of protection shall be provided for "ATTORNEYS' EYES ONLY" information.  Restrictions on the dissemination, use and designation of Confidential Information shall also apply to Attorneys' Eyes Only information, with the exception that access to material designated "ATTORNEYS' EYES ONLY" shall be restricted to the following individuals:

(a)     the Court and its officers;

(b)     counsel representing any party in connection with this litigation (and the employees of such counsel);

(c)     one employee of the Receiving Party, whom the Receiving Party will designate to all other parties upon receipt of such information and who will return all such designated materials to counsel as soon as their use in the litigation ends.  Upon such designation, any other party may file a motion objecting to the employee designated. The Receiving Party may not make the subject information available to the designated employee until the designated employee has executed the ACKNOWLEDGEMENT, UNDERSTANDING, AND AGREEMENT TO BE BOUND attached hereto as Attachment A which will be provided to all other parties, AND that (a) all other parties have expressly consented to the designation, or (b) five (5) business days have passed without any other party making an objection to the designation, or (c) the Court has denied any objection filed by any other party;

(d)     experts and consultants used by counsel of the parties to assist in this litigation.  The Receiving Party may not make the subject information available to experts or consultants until the expert or consultant has executed the

8

ACKNOWLEDGEMENT, UNDERSTANDING, AND AGREEMENT TO BE BOUND attached hereto as Attachment A; which will be provided to all other parties; and

(e)     court reporters, translators, duplicating services, and auxiliary services of like nature routinely engaged by counsel.

10.     In the event it is necessary to introduce any item identified as "ATTORNEYS' EYES ONLY" in any deposition or hearing in this matter, the parties shall ensure that such witness is shown only those portions of any such item that are essential to the witness' testimony and, in addition, the witness shall swear under oath in the proceeding to be bound to confidentiality obligations with respect to such item.

11.     For purposes of this Protocol Order, the terms "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" shall have the same meaning as those terms are defined in the Protective Order.

12.     If, during the course of LCG's or LDiscovery's forensic analysis, LCG or LDiscovery identifies evidence that suggests external/portable storage devices, private email accounts or cloud (Internet)-based file storage repositories contain Plaintiffs' protected business information, were used to facilitate the transfer, modification, deletion, access to, and/or use of Plaintiffs' protected business information, or contain evidence of an alleged violation of Plaintiffs' rights with respect to non-competition, non-solicitation, and/or confidentiality by any Irex Individual Defendant, the parties agree to meet and confer, within five (5) business days, on amending this Protocol Order to allow for the forensic acquisition and analysis of said items.  In addition, if, during the course of LCG's or LDiscovery's forensic analysis, LCG or LDiscovery identifies evidence that

9

suggests additional files associated with files identified by the agreed-upon search terms (including, but not limited to, images and PDFs that are not text searchable), the parties agree to meet and confer, within five (5) business days, on amending this Protocol to allow for the production and review of these additional files according to the same procedures outlined in this Protocol Order.

13.    LCG or LDiscovery may issue a report of their findings to the Court.

BY THE COURT

*/s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, J.

**ATTACHMENT A**

**ACKNOWLEDGEMENT, UNDERSTANDING, AND AGREEMENT TO BE BOUND**

The undersigned, being first duly sworn upon his or her oath at law, deposes and says:

1.      My full name is _____, and my current address is _____

_____.

2.      Prior to receiving any documents and information designated by any party as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in the above-captioned action, I was provided with a copy of the Electronic Discovery Protocol Order, dated _____, 2016 (the "Protocol Order"), which I have read and understand fully.  I agree to be bound by the terms of that Protocol and voluntarily submit myself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania concerning the enforcement of that Protocol Order.

3.      Upon final termination of this action, unless otherwise agreed to, in writing, by an attorney of record for the designating party, I agree to return or destroy all designated material, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained.

4.      I received access to the information from the following person: _____ _____.

11

5.     I acknowledge that violation of the Protocol Order may result in penalties for contempt of court.

_____        _____
Print Name                                       Signature


Dated:_____