**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Brand Energy & Infrastructure Services, Inc., Brand Energy Services, LLC, Brand Services, LLC, and Gregg Industrial Insulators, Inc., | : | No: 5:16-CV-02499 |
| | : | Judge Lawrence F. Stengel |
| Plaintiffs, | : | [JURY TRIAL DEMANDED] |
| v. | : | ELECTRONICALLY FILED |
| Irex Corporation, Vertical Access Solutions, LLC, Prime Industrial Access, LLC, Argus Contracting, Inc., Argus Contracting, LLC, Enterprise Industrial Group, LLC, Albert Rowe, John Kwiatkoski, Christopher Altmeyer, Terry Shriver, Jeffrey Maupin, and Denver Keene, | : | |
| Defendants. | : | |

---

# MODIFIED PROTECTIVE ORDER

---

Plaintiffs Brand Energy & Infrastructure Services, Inc., Brand Energy Services, LLC, Brand Services, LLC, and Gregg Industrial Insulators, Inc. ("Plaintiffs"), and Defendants Irex Corporation ("Irex"), Vertical Access Solutions, LLC, Prime Industrial Access, LLC, Argus Contracting, Inc., Argus Contracting, LLC, Enterprise Industrial Group, LLC ("Irex Company Defendants"), Albert

Rowe, John Kwiatkoski, Christopher Altmeyer, Terry Shriver, Jeffrey Maupin, and Denver Keene ("Defendants") have agreed that a Protective Order governing the use and disclosure of confidential information in this matter is warranted.

This Court finds that good cause exists for the entry of a Modified Protective Order under Fed. R. Civ. P. 26(c). **Accordingly, It Is Hereby Ordered That:**

1. This Modified Protective Order shall govern any documents, written or recorded matter, electronically stored information of any nature, interrogatory answers, requests to admit and responses thereto, physical items, deposition testimony, or other discovery material produced by Plaintiffs, any other Brand subsidiary and affiliate, Irex Company Defendants, any other Irex subsidiary or affiliate, any other individual Defendant set forth above, and any third party to the litigation (hereinafter "Producing Party"), to any party (hereinafter "Receiving Party") during the pretrial discovery stage of this matter.

2. Plaintiffs and Defendants acknowledge that certain documents, equipment, accounts, data, electronically stored information, including information produced through forensic examination of electronic devices, and other materials may contain personal information, and confidential, proprietary and/or trade secret information ("Protected Material"), and that such Protected Material may have to be produced in discovery or filed with the Court pursuant to Federal Rule of Civil Procedure 5.2. The Parties shall produce and use such Protected Material subject to

the procedures, designations, terms, and conditions set forth in this Modified Protective Order.

3. Protected Material may have varying degrees of sensitivity with respect to its confidential, proprietary and/or trade secret nature.

4. Counsel for Producing Party may designate any document or other discovery material as "CONFIDENTIAL," if the Producing Party and its counsel, in good faith, believe the document or other discovery material is non-public, and constitutes a "trade secret or other confidential research, development, or commercial information" within the meaning of Fed. R. Civ. P. 26(c), that does not require the higher level of protection provided for ATTORNEYS' EYES ONLY information, as set forth in paragraph 16.

5. Protected Material designated "CONFIDENTIAL" may also be designated as "ATTORNEYS' EYES ONLY" if Producing Party, in good faith, states a justifiable basis for limiting disclosure to Receiving Party or, in the event of third-party production where both Plaintiffs and Defendants are Receiving Parties, either party states such a justifiable basis for limiting disclosure to the other Receiving Party.

6. Designations shall be made by stamping each page of the document containing confidential information with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to its production or, if inadvertently produced

without such legend, by furnishing written notice to Receiving Party that the information or document shall be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Modified Protective Order.

7. Deposition transcripts, or portions thereof, may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" either: (a) during the deposition; or (b) by written notice to the court reporter and all counsel of record, given within ten (10) days after the deposition transcript is received by the designating party.

8. For testimony designated as "ATTORNEYS' EYES ONLY," the designating party shall have the right to exclude from a deposition before the taking of the designated testimony all persons not authorized to receive such information under this Modified Protective Order.

9. Materials produced by a third party, or any portion thereof, shall be produced to Plaintiffs, Defendants, and any other Party to the litigation simultaneously and treated and designated initially as "CONFIDENTIAL." Thereafter, either Receiving Party may continue to designate such third-party produced materials as "CONFIDENTIAL" or designate them as "ATTORNEYS' EYES ONLY" if, in good faith, either party believes such a designation is warranted. Such designation shall be made by written notice to all counsel of record after the production of such materials.

10. A party may challenge the producing party's designation of material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the designation is made. The parties shall thereafter try to resolve such dispute, in good faith, on an informal basis. If the dispute cannot be resolved, the challenging party may seek appropriate relief from the Court by making a motion to the Court and obtaining a hearing upon such motion. At such hearing, the party claiming "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" status shall have the burden of establishing the need for such status. Pending such determination by the Court, material designated by a party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be treated as such under this Modified Protective Order.

11. The inadvertent production of any "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or privileged materials or documents shall be without prejudice to any claims that the materials are appropriate for such designation or are privileged, and shall constitute neither a waiver of any privilege that may otherwise attach thereto nor a general waiver of such privilege. Upon demand of Producing Party, all copies of any inadvertently provided materials shall be returned, sequestered or destroyed pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

12. The filing and entry of this Modified Protective Order shall not constitute a waiver of any rights under any applicable law and/or court rules.

13. Plaintiffs and Defendants shall request that any other Defendant in this matter, and any Party that may later be added, sign on as parties to this Modified Protective Order within ten days of the date they make an appearance in the matter.

14. Each party and all persons bound by the terms of this Modified Protective Order shall use any confidential information only for the purpose of prosecution or defense of this action; no party or other person shall use any confidential information for any other purpose without leave of Court. The attorneys of record for the parties shall exercise reasonable care to insure that any Protected Material is: (a) used only for the purposes specified herein; and (b) disclosed only to authorized persons.

15. Unless otherwise agreed to by the parties, and subject to the declaration of confidentiality obligations attached hereto as Exhibit A, documents or information designated "CONFIDENTIAL" shall be disclosed only to:

(a) the Court and its officers;

(b) counsel representing any party in connection with this litigation (and the employees of such counsel);

(c) the parties to this action and no more than five employees, including employees who may appear as witnesses in any deposition or hearing, who are necessary to assist counsel in evaluating the documents or information, who the Receiving Party will designate to all other parties and who will return all such designated materials to counsel as soon as their use in the litigation ends. Upon such designation, any other party may file a motion objecting to any of the employees designated. The Receiving Party may not make the subject information available to the designated

employees until the designated employees execute the ACKNOWLEDGEMENT, UNDERSTANDING, AND AGREEMENT TO BE BOUND attached hereto as Exhibit A, which will be provided to all other parties; AND (a) all other parties have expressly consented to the designation, or (b) five (5) business days have passed without any other party filing a motion objecting to the designation, or (c) the Court has denied any objection filed by any other party.

(d) experts and consultants used by counsel of the parties to assist in this litigation. The Receiving Party may not make the subject information available to experts or consultants until the expert or consultant has executed the ACKNOWLEDGEMENT, UNDERSTANDING, AND AGREEMENT TO BE BOUND attached hereto as Exhibit A;

(e) court reporters, translators, duplicating services, and auxiliary services of like nature routinely engaged by counsel; and,

(f) witnesses to be deposed or to appear at any hearing or trial in this matter.

16. A higher level of protection of "ATTORNEYS' EYES ONLY" shall be provided for information that the Producing Party in good faith believes will harm its competitive position if the information becomes known to a party other than the Producing Party and that counsel for the Producing Party, in good faith, believes would be eligible for protection pursuant to *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994), and cases following *Pansy* that constitute binding precedent on this Court. Restrictions on the dissemination, use and designation of "CONFIDENTIAL" Information shall also apply to "ATTORNEYS' EYES ONLY"

Information, with the exception that access to material designated "ATTORNEYS' EYES ONLY" shall be restricted to the following individuals:

(a) the Court and its officers;

(b) counsel representing any party in connection with this litigation (and the employees of such counsel);

(c) [Intentionally Deleted];

(d) one employee of the Receiving Party, who the receiving party will designate to all other parties upon receipt of such information and who will return all such designated materials to counsel as soon as their use in the litigation ends. Upon such designation, any other party may file a motion objecting to the employee designated. The Receiving Party may not make the subject information available to the designated employee until the designated employee executes the ACKNOWLEDGEMENT, UNDERSTANDING, AND AGREEMENT TO BE BOUND attached hereto as Exhibit A, which will be provided to all other parties, AND (a) all other parties have expressly consented to the designation, or (b) five (5) business days have passed without any other party filing a motion objecting to the designation, or (c) the Court has denied any objection filed by any other party;

(e) experts and consultants used by counsel of the parties to assist in this litigation. The Receiving Party may not make the subject information available to experts or consultants until the expert or consultant has executed the ACKNOWLEDGEMENT, UNDERSTANDING, AND AGREEMENT TO BE BOUND attached hereto as Exhibit A; and;

(f) court reporters, translators, duplicating services, and auxiliary services of like nature routinely engaged by counsel.

17. Any information or documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," if filed with the Court, shall be filed and kept by the Court conditionally under seal and shall be made available only to the Court and to persons authorized by the terms of this Modified Protective Order. The party filing any paper which reflects, contains or includes any confidential information shall move to file such paper under seal and shall follow the local rules and procedures of the United States District Court for the Eastern District of Pennsylvania for ensuring that such paper is lodged under seal and is not available for public viewing. At the conclusion of this case, any materials filed with the Court under seal shall be returned to the party filing it for disposition.

18. This Modified Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other materials as that party may consider appropriate. Nor shall any party be precluded from: (a) claiming that any matter designated hereunder is not confidential, trade secret or otherwise protectable; (b) claiming that any matter designated hereunder is not entitled to the protection of this Modified Protective Order; (c) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Modified Protective Order; or (d) applying for an Order modifying this Modified Protective Order in any respect.

19. No party shall have any obligation to challenge the designation of any matter designated hereunder as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in order to preserve any claim, defense or argument that the designated matter is not confidential, trade secret or otherwise protectable under any contract or applicable law. Nor shall the fact that a party did not challenge the designation of any matter hereunder operate as any waiver or any admission that the matter is confidential, trade secret or otherwise protectable.

20. Upon final termination of this action, unless otherwise agreed to, in writing, by an attorney of record for the designating party, each party shall return or destroy all designated material, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained. Any documents or copies which contain or constitute attorney's work product may be destroyed rather than returned, and outside counsel may retain copies of pleadings and materials that are of record in the litigation subject to the confidentiality provisions of this Modified Protective Order. As to any material to be destroyed under the terms of this Modified Protective Order, counsel will send a certification confirming such material has been destroyed.

21. The termination of this action shall not terminate the provisions of this Modified Protective Order.

22. This Modified Protective Order may be modified, and any matter related to it may be resolved by written stipulation of the parties or by further order of the Court.

Entered this _____ day of _________________, 2017.

LAWRENCE F. STENGEL, J.

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brand Energy & Infrastructure Services, Inc., Brand Energy Services, LLC, Brand Services, LLC, and Gregg Industrial Insulators, Inc., | : | No: 5:16-CV-02499 |
| | : | Judge Lawrence F. Stengel |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| v. | : | ELECTRONICALLY FILED |
| Irex Corporation, Vertical Access Solutions, LLC, Prime Industrial Access, LLC, Argus Contracting, Inc., Argus Contracting, LLC, Enterprise Industrial Group, LLC, Albert Rowe, John Kwiatkoski, Christopher Altmeyer, Terry Shriver, Jeffrey Maupin, and Denver Keene, | : | |
| Defendants. | : | |

---

## ACKNOWLEDGEMENT, UNDERSTANDING, AND AGREEMENT TO BE BOUND

---

The undersigned, being first duly sworn upon his or her oath at law, deposes and says:

1. My full name is ___________________________________, and my current address is ____________________________________________

_______________________________________________________.

2. Prior to receiving any documents and information designated by any party as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in the above-captioned action, I was provided with a copy of the Modified Protective Order, dated __________________, 2017 (the "Modified Protective Order"), and related Protocol, which I have read and understand fully. I agree to be bound by the terms of the Modified Protective Order and Protocol and voluntarily submit myself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania concerning the enforcement of that Modified Protective Order and Protocol.

3. Upon final termination of this action, unless otherwise agreed to, in writing, by an attorney of record for the designating party, I agree to return or destroy all designated material, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained.

4. I received access to the information from the following person: _____ _________________________________.

5. I acknowledge that violation of the Modified Protective Order may result in penalties for contempt of court.

___________________________ ___________________________

Print Name Signature

Dated: _____________________