IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRAND ENERGY & INFRASTRUCTURE SERVICES, INC., et al.,

    Plaintiffs,

v.

IREX CONTRACTING GROUP, et al.,

    Defendants.

: CIVIL ACTION
:
: NO. 16-2499

# O R D E R

**AND NOW**, this 6th day of July, 2017, upon consideration of:

a) The Plaintiffs' Motion to Modify/Clarify the Protective Order (Doc. No. 111);

b) Defendants' Response in Opposition to the Motion to Modify/Clarify the Protective Order (Doc. No. 118);

c) Plaintiffs' Motion for Leave to File a Reply Memorandum in Support of the Motion to Modify/Clarify the Protective Order (Doc. No. 123);

d) Defendants' Response in Opposition to the Plaintiffs' Motion for Leave (Doc. No. 124);

e) Plaintiffs' Letter Request for Oral Argument (Doc. No. 127);

1

f) The Report and Recommendation of the Honorable Elizabeth T. Hey, United States Magistrate Judge, regarding Plaintiffs' Motion to Modify/Clarify the Protective Order (Doc. No. 129);

g) Defendants' Objections to the Report and Recommendation regarding Plaintiffs' Motion to Modify/Clarify the Protective Order (Doc. No. 148);

h) Plaintiffs' Motion for Leave to File Documents in Support of Their Response to Defendants' Objections (Doc. No. 164);

i) Plaintiffs' Response to the Defendants' Objections (Doc. No. 166);

j) Plaintiffs' Motion to Seal (Doc. No. 173);

k) Defendants' Response to Plaintiffs' Motion for Leave to File Documents in Support (Doc. No. 175);

l) The parties' epistolary submissions regarding search terms (Doc. Nos. 156, 157, 158, 159, 179);

m) The Report and Recommendation of the Honorable Elizabeth T. Hey, United States Magistrate Judge, regarding Search Terms (Doc. No. 180); and

n) The plaintiffs' Objections to the Report and Recommendation regarding Search Terms (Doc. No. 189),

**IT IS HEREBY ORDERED** that:

1. The Report and Recommendation regarding Plaintiffs' Motion to Modify/Clarify the Protective Order (Doc. No. 129) is **APPROVED** and **ADOPTED**.

2. Plaintiffs' Motion for Leave (Doc. No. 123) is **GRANTED**.

3. Plaintiffs' Letter Request for Oral Argument (Doc. No. 127) is **DENIED as moot**.

4. The Defendants' Objections to the Report and Recommendation regarding Plaintiffs' Motion to Modify/Clarify the Protective Order (Doc. No. 148) are **OVERRULED**.

5. Plaintiffs' Motion for Leave to File Documents in Support of Their Response to Defendants' Objections (Doc. No. 164) is **GRANTED**.

6. Plaintiffs' Motion to Modify/Clarify the Protective Order (Doc. No. 111) is **GRANTED** and Paragraph 16(c) shall be **STRICKEN** from the Protective Order.[1]

---

[1] Plaintiffs filed a motion to modify a protective order they entered into months ago. Plaintiffs seek modification of the protective order to limit the disclosure of confidential information to attorneys only and not the individual defendants. Judge Hey issued a Report and Recommendation ("R&R") recommending that the motion be granted. I may only reconsider any part of a Magistrate Judge's R&R if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Defendants lodge several objections to Judge Hey's R&R regarding the motion to modify the protective order.

Defendants contend Judge Hey erred by considering the parties' intent in drafting the stipulated protective order. This argument lacks merit. Judge Hey's well-reasoned R&R considered all of the factors for modifying a protective order as laid out in Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d. Cir. 1994). One of these factors is reliance, which Judge Hey aptly considered in relation to the parties' negotiation and subsequent treatment of the protective order. To this end, Defendants equate a federal court's Order with an ordinary contract entered into by private parties. (Doc. No. 148 at 6–7). Contrary to this position, a court order is not an ordinary contract; it is a court order. Simply because the parties agreed to its contents does not mean that it is not an order entered into solely by the court. For these reasons, Defendants' reliance on ordinary principles of contract law does not help them.

Defendants' other objections amount to mere disagreements over issues already decided by Judge Hey. It is well-established that motions for reconsideration "are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). Accordingly, I will overrule these objections.

7. The Plaintiffs' Objections to the Report and Recommendation regarding Search Terms (Doc. No. 189) are **OVERRULED**.

8. The Report and Recommendation regarding Search Terms (Doc. No. 180) is **APPROVED** and **ADOPTED**.[2]

9. Plaintiffs' Motion to Seal (Doc. No. 173) is **GRANTED**.

                                          BY THE COURT

                                          */s/ Lawrence F. Stengel*
                                          LAWRENCE F. STENGEL, J.

---

[2] Plaintiffs object to Judge Hey's factual recitation contained in the Report and Recommendation ("R&R") regarding Search Terms. None of the Plaintiffs' objections have any merit. Plaintiffs' contention—that the parties disagreed about one aspect of the protocol order—is already reflected in the Electronic Discovery Protocol Order itself. (Doc. No. 89 at 1 n.1).