IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRAND ENERGY & INFRASTRUCTURE  :  CIVIL ACTION
SERVICES, INC., et al.  :
 :
   v.  :
 :
IREX CORPORATION, et al.  :  NO.  16-2499

## MEMORANDUM AND ORDER

Plaintiffs  have moved for reconsideration of this court's order granting

Defendants' motion for a protective order regarding the topics of inquiry for the Rule

30(b)(6) depositions of the corporate defendants.  Docs. 212 & 213 (seeking

reconsideration of Order, Doc. 207).  Plaintiffs argue that  they are entitled to

reconsideration because Defendants failed to meet and confer prior to filing the motion,

the Order is premature, and the relief provided by the court is inappropriate in the context

of a Rule 30(b)(6) deposition.  Defendants respond that the court did not err in its ruling

and the motion is untimely.  Doc. 219-3.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of

law or fact or to present newly discovered evidence. "  Howard Hess Dental Labs, Inc. v.

Dentsply Int'l. Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex

rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp.

v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985))).  A motion for reconsideration "must rely

on one of three grounds (1) an intervening change in controlling law; (2) the availability

of new evidence; or (3) the need to correct clear error of law or prevent manifest

injustice." West v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v.

Wehmer, 591 F.3d 666, 669 *3d Cir. 2010) (internal quotation omitted)." "[M]otions for

. . . reconsideration should be granted sparingly and may not be used to rehash arguments

which have already been briefed by the parties and considered and decided by the Court."

Taksir v. Vanguard Group, Inc., Civ. No. 16-5713, 2017 WL 3443497, at *2 (E.D. Pa.

Aug. 9, 2017) (Rufe, J.) (quoting Calhoun v. Mann, C.A. 08-458, 2009 WL 1321500, at

*1 (E.D. Pa. May 12, 2009) (citation and internal quotation marks omitted, alteration in

original)).

　　　To the extent Brand argues that the court should not have ventured into Rule

30(b)(6) waters because there was a failure to meet and confer to resolve the issues,

Brand has not identified any error in my ruling on that issue.  Brand raised this argument

in opposition to Irex's motion.  Doc. 203 at 1.  Attached to its motion, Irex included an

email exchange that epitomized counsel's inability to productively "meet and confer" on

this issue, including something as simple as the location of the depositions.  Doc. 197-3 at

116-23.  I declined to rule in Brand's favor on this argument, and "reconsideration is not

permitted simply to allow a 'second bite at the apple.'"  Taksir, 2017 WL 3443497, at *2

(quoting Calhoun, 2009 WL 1321500, at *1).

　　　Brand also argues that the original motion and this court's order were premature

because document production has not been completed.  This argument is puzzling.  The

dispute at issue was initiated by Brand's issuance of its Rule 30(b)(6) deposition notices

on May 19, 2017.  See Doc. 197-1 at 2, 4-5.  Having issued those notices while other

discover was still underway, Brand can hardly complain that the court acted prematurely

in ruling on the propriety of the notices.  In essence, Brand contends that it needs the

document production to determine relevance, but propounded a wish list of Rule 30(b)(6)

topics that as yet it only suspects will be relevant. If subsequent document production

establishes the relevance of an issue into which I have precluded or limited inquiry,

Brand may seek leave to expand the Rule 30(b)(6) inquiry.

Finally, Brand argues that by precluding or limiting inquiry into specific topics at

the designee deposition, the court has erroneously limited other discovery. Brand

contends that the court "essentially removed from topics discoverable issues that it had

previously found discoverable." Doc. 213 at 3. In ruling on Irex's motion, I attempted to

conform the areas of inquiry to prior discovery orders. For example, Brand argues that

this court permitted inquiry into "NRG" in ruling on the search terms for the forensic

protocol. Doc. 213 at 3-4. Although I permitted the search term "NRG," I did so only in

the context of the NRG Bowline Plant, a former Brand customer whose contract was

allegedly interfered with by Irex. Doc. 180 at 11-12. I limited the search for "NRG

Ivanpah," another of the NRG plants, to the devices used by the individuals alleged to

have interfered with that contract. Doc. 180 at 20.[1] My purpose in ruling as I did on the

protective order was to prevent Brand from pursuing information through the Rule

---

[1]Similarly, in the search term inquiry, I limited the search temporally, so the searches would be run through documents and files during the relevant period, January 1, 2013 through December 31, 2016. Doc. 180 at 20. Similarly, I limited inquiry into financial information to the same time period. Doc. 207 at 1.

30(b)(6) depositions that the court had already limited in other discovery realms, and to strike those areas of inquiry that were not described with reasonable particularity.[2]

An appropriate Order follows.

---

[2]Defendants also complain that the Plaintiffs' motion is untimely and argues that Plaintiffs filed the motion as a "place holder" for timeliness purposes and submitted their memorandum in support of the motion one day late. Doc. 219-3 at 7-8. The motion set forth sufficient information to provide its basis. However, in the future, the court will strike documents filed beyond the deadline.