IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAND ENERGY & INFRASTRUCTURE SERVICES, INC., et al. | : : : | CIVIL ACTION |
| v. | : : | |
| IREX CORPORATION, et al. | : | NO. 16-2499 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                      November 3, 2017

The court addresses another discovery dispute between Plaintiffs ("Brand") and Defendants ("Irex"). Brand moves to quash a subpoena issued by Irex to former individual defendant Robert Russo.[1] The subpoena seeks, among other things, the disclosure and production of the settlement agreement entered into by Brand and Mr. Russo in November 2016 in this matter. Brand argues that Irex has failed to make a "particularized showing that the evidence related to settlement is relevant and calculated to the discovery of admissible evidence." Doc. 235 at 4 (citing Dent v. Westinghouse, Civ. No. 08-83111, 2010 WL 56054, at *1 (E.D. Pa. Jan. 4, 2010)). Irex responded to the motion to quash, and Mr. Russo's counsel submitted a letter in support of Brand's motion. Docs. 240 & 243.

---

[1] Robert Russo was the President of Harsco, and he remained at Brand briefly after Harsco's acquisition. Doc. 61 ¶¶ 68-69. At the time the Amended Complaint was filed, Mr. Russo was the CFO of Acrow Bridge and from January 2014 to June 2014, allegedly worked as a consultant to Irex. Id. ¶ 11. Plaintiffs originally named Mr. Russo as an individual defendant in this case, but voluntarily dismissed him on November 16, 2016. Doc. 88.

Federal Rule of Evidence 408 prohibits the use of settlement negotiations and agreements to prove or disprove the validity or amount of a disputed claim, or to impeach by a prior inconsistent statement. F.R.E. 408(a). However, the Rule does permit the use of such evidence for other purposes including proving a witness's bias or prejudice. Id. 408(b). The Rule "recognizes the strong public policy of promoting settlement." Dent, 2010 WL 56054, at *1 (collecting cases). Rule 408 applies to both the finalized agreement and the underlying negotiations. "Because it is 'generally believed that settlement negotiations will be inhibited if the parties are aware their statements may later be used as admissions of liability,' Rule 408 serves to protect the freedom of discussion during negotiations and encourage settlement." BTG Int'l Inc. v. Bioactive Lab., Civ. No. 15-4885, 2016 WL 3519712, at *8 (E.D. Pa. June 28, 2016) (Pappert, J.) (quoting Ciolli v. Iravani, 625 F. Supp.2d 276, 285 (E.D. Pa. 2009)).

In the subpoena, Irex sought

1. All communications between [Mr. Russo] and Brand concerning Irex, the Individual Defendants, or any of the allegations in the Amended Complaint.

2. All communications between [Mr. Russo] and Brand concerning the settlement, resolution or dismissal of claims against [Mr. Russo] that were set forth in the Amended Complaint.

3. All non-privileged documents concerning or reflecting any agreements to settle, resolve, or dismiss the claims against [Mr. Russo] that were set forth in the Amended Complaint.

4. All non-privileged documents or things concerning or reflecting any notes or recordings of communications between [Mr. Russo] and any third-party concerning Irex, the Individual Defendants, or the allegations in the Amended Complaint.

Doc. 235 at 2. According to the letter submitted by Mr. Russo's counsel, discussions with Irex narrowed the categories of responsive documents to three categories.

    1.    The Settlement Agreement between Mr. Russo and [Brand].

    2.    Communications between counsel for Mr. Russo and counsel for Brand concerning negotiation of the Settlement Agreement including drafts of the Settlement Agreement.

    3.    Communications between Mr. Russo and any third parties concerning Irex, the individual defendants in the . . . action or the allegations in the Amended Complaint . . . .

Doc. 243 at 2. Mr. Russo has agreed to produce documents responsive to the third of these categories. Therefore, the only documents at issue are the settlement agreement and communications between counsel concerning negotiation of the agreement.

Irex argues that the settlement agreement is admissible for purposes of determining Mr. Russo's motivations, potential bias, and reasons for cooperating with Brand. Specifically, Irex contends it "is entitled to know before trial the exact terms of Mr. Russo's relationship with Brand, including, for example, whether the parties exchanged any money, what information Mr. Russo provided to Brand, any arrangement concerning the content of Mr. Russo's testimony, and the extent of any releases." Doc. 240 at 3.

Both Brand and Mr. Russo rely on the settlement agreement's confidentiality provision to oppose disclosure. Docs. 235 at 4, 243 at 3. "[T]he mere fact that settling parties have agreed to maintain the confidentiality of their agreement does not automatically serve to shield that agreement from discovery." Sippel Dev. Co., Inc. v. Western Sur. Co., Civ. No. 05-46, 2007 WL 1115207, at *2 (W.D. Pa. Apr. 13, 2007)

(citing Directv, Inc. v. Puccinelli, 224 F.R.D. 677, 685 (D. Kansas 2004)). In determining "whether a non-settling defendant should have access to a settlement agreement that is confidential by agreement of the signatories," the courts of this circuit "require some heightened showing of relevance or need." Doe v. Methacton Sch. Dist., 164 F.R.D. 175, 176 (E.D. Pa. 1995) (Joyner, J.); see also Spear v. Fenkell, Civ. No. 13-2391, 2015 WL 3947559, at *1 (E.D. Pa. June 26, 2015) (Lloret, M.J.) (citing cases and applying standard that party seeking discovery of a settlement agreement must show a likelihood it will be admissible).

Brand argues that Irex has failed to meet this heightened burden. Doc. 235 at 4. Irex contends that "[s]ince Brand dismissed its claims against Mr. Russo, it appears that he has been actively cooperating with, and assisting with, Brand's prosecution of its claims," including turning over documents and devices to Brand. While this is not sufficient to compel disclosure of the entire agreement, I will require disclosure limited to provisions that would show bias or prejudice. See Spear, 2015 WL 3947559, at *3 (requiring production of redacted settlement agreement).

Therefore, Mr. Russo shall provide a copy of the settlement agreement redacted to show only the names and signatures of the parties, dates of agreement, and any provision that includes any promise of pecuniary value made to Mr. Russo, including money, job offer, or indemnification. Irex has not established a basis for the production of the settlement negotiations.

An appropriate Order follows.