Pepper Hamilton LLP
Attorneys at Law

400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312-1183
610.640.7800

Michael S. Hino
direct dial: 610.640.7848
direct fax: 267.200.0761
hinom@pepperlaw.com

November 17, 2017

**VIA EMAIL AND ECF**
The Honorable Elizabeth T. Hey
United States Magistrate Judge
U.S. District Court for the Eastern District of Pa.
601 Market Street
Philadelphia, PA 19106

Re: Brand Energy & Infrastructure Services, Inc., et al. v. Irex Corporation, et al., U.S.D.C., E.D. of PA, No: 5:16-cv-02499-LS

Dear Judge Hey:

I write in response to Brand's November 15, 2017 Letter (Dkt. 251) requesting, among other relief, a stay of discovery cancelling all depositions scheduled over the next five weeks. Brand's Letter is based upon blatant misstatements and distortions of the record. The parties have engaged in discovery for over ***17 months***, during which time Brand has improperly used the discovery process as a weapon to burden and harass Irex, filing ***over 30*** discovery-related motions and seeking discovery on topics and from sources that have no relevance to the claims in its Amended Complaint. Brand now seeks to delay discovery for a ***fourth*** time in an effort to impose the greatest possible costs on Irex and the greatest possible burden on Irex's witnesses. Moreover, Brand's "emergency" motion concerns issues it has known about for over two months and deponents not scheduled for deposition until November 29th through December 19th.

To move this litigation forward and resolve any alleged discovery disputes, Irex is producing all non-privileged documents on the devices subject to the Forensic Protocol. The vast majority of these documents are system files with no actual substance and no possible relevance to this case. To the extent there are relevant documents on the devices subject to the Forensic Protocol, Brand is already in possession of the vast majority, if not all, such documents from prior productions.

**The Forensic Protocol**

From the beginning of this litigation, Brand has used the Forensic Protocol to delay proceedings and increase costs. The parties began negotiating the Forensic Protocol in June 2016. During these negotiations, Brand continuously refused to compromise and after months of Brand asking for "meet and confers" where it would simply reiterate its prior positions, *Irex brought the disputed issues to the Court*. The Court ruled on these issues and entered the Forensic Protocol on November 16, 2016 (Dkt. 89). In its Order, the Court granted Irex the right to forensically examine certain Brand devices.

After the entry of the Court's November 16, 2017 Order, Brand spent the next several months refusing to acknowledge that Irex could examine Brand's devices. Once again, Brand insisted on months of continuous "meet and confers" where it refused to compromise or agree to any search terms. Brand's failure to comply with the Court's November 16, 2017 Order was improper and, had Brand acknowledged Irex's right to forensically search Brand devices in November 2016, the productions would have been completed several months ago. While the parties negotiated search terms, Brand further delayed the process by claiming that almost all of Irex's proposed search terms were improper. At the May 16, 2017 hearing, Brand reiterated its position and advised the Court that Irex had submitted only one (1) proper search term despite several months of negotiations. *See* May 16, 2017 Hearing Tr., at 62:16-22. Brand's conduct unnecessarily delayed and multiplied these proceedings and its inappropriate conduct should not be rewarded now with yet another extension of time.

**Irex's Compliance with the Forensic Protocol**

The Court-ordered search terms resulted in tens of thousands of false hits for various system files where no potentially relevant information could be found (*i.e.*, application files, zero length files, etc.). These system files represent the vast majority of the documents about which Brand now complains. There is no dispute that these files are non-responsive and have no substantive information. The following screen shot of documents marked non-responsive is representative of the types of files at issue:

| Item # | Name | Ext | L-Size (I | Category | Responsive Designation | Privilege Designation |
|---|---|---|---|---|---|---|
| 50177 | module_cpu.dll | dll | 388432 | Exe | Non-Responsive | |
| 50460 | TSMessaging.dll | dll | 1225400 | Exe | Non-Responsive | |
| 50461 | ccmutillib.dll | dll | 624312 | Exe | Non-Responsive | |
| 50475 | PolicyDefaults.mof | mof | 6980 | ASCII 7 | Non-Responsive | |
| 50493 | Sched.dll | dll | 452280 | Exe | Non-Responsive | |
| 51071 | sqlcese35.dll | dll | 670576 | Exe | Non-Responsive | |
| 51075 | sqlcecompact35.dll | dll | 117616 | Exe | Non-Responsive | |
| 52100 | SettingsService.exe | exe | 2023592 | Exe | Non-Responsive | |
| 52805 | QuickTimeMusicalInstruments.qtx | qtx | 2000896 | Exe | Non-Responsive | |
| 52821 | PDFNetC.dll | dll | 13989376 | Exe | Non-Responsive | |
| 52832 | cimage.dll | dll | 778240 | Exe | Non-Responsive | |
| 52833 | CPCTool.exe | exe | 300440 | Exe | Non-Responsive | |
| 52964 | WudfUpdate_01011.dll | dll | 2356592 | Exe | Non-Responsive | |
| 52972 | setup.exe | exe | 7250792 | Exe | Non-Responsive | |
| 52992 | WudfUpdate_01011.dll | dll | 2356592 | Exe | Non-Responsive | |
| 53339 | nsreg.ini | ini | 337 | UTF-8 encoded Text | Non-Responsive | |
| 53349 | nsreg.ini | ini | 337 | UTF-8 encoded Text | Non-Responsive | |
| 58933 | msoeres.dll.mui | mui | 499200 | Exe | Non-Responsive | |
| 59628 | osetup.dll | dll | 7202472 | Exe | Non-Responsive | |
| 60122 | System.WorkflowServices.dll | dll | 479232 | Exe | Non-Responsive | |
| 60133 | System.Data.Entity.dll | dll | 2879488 | Exe | Non-Responsive | |
| 60140 | System.Core.dll | dll | 667648 | Exe | Non-Responsive | |
| 60181 | libeay32.dll | dll | 1599392 | Exe | Non-Responsive | |
| 60341 | rti-4_0.dll | dll | 9587528 | Exe | Non-Responsive | |
| 60918 | System.ServiceModel.dll | dll | 5332992 | Exe | Non-Responsive | |
| 61220 | F12Resources.dll | dll | 10949120 | Exe | Non-Responsive | |
| 61608 | events01.rbs | rbs | 6375342 | Unknown | Non-Responsive | |
| 64205 | PDFNetC.dll | dll | 7445832 | Exe | Non-Responsive | |
| [illegible] | [illegible] | dll | [illegible] | Exe | Non-Responsive | |

Moreover, the parties discussed this issue over two months ago and agreed that Irex could mark all system files non-responsive. Brand and its vendor stated that Brand only sought "user-generated files" such as word documents, excel files, emails, .pdfs, etc. and not system files. Counsel for Brand explained that such files could be easily eliminated from Irex's review: "you can limit your review by using built-in filters in the master lists which takes seconds." Sept. 8, 2017 email from M. Levy to A. Harris *et al*. Brand has provided no explanation as to why it now seeks system files, why it waited over two months to raise this issue, or why it claimed Irex could limit its review of such documents in "seconds" while now claiming to need an extension of time to review these same documents.

For Brand to come before the Court seeking to delay discovery yet again on the basis that it now needs to review thousands of irrelevant system files that it knew were marked non-responsive over two months ago is incredible. For Brand to come before the Court seeking sanctions for this new argument is outrageous.

**Brand's Failure to Comply with the Forensic Protocol**

Brand's statements concerning its own compliance are blatantly inaccurate. Brand states, for example, "Plaintiffs made *no* non-responsive designations." Dkt. 251, Nov. 15, 2017 Ltr. from B. Montgomery to Court, at 1. The screenshot showing a portion of Brand's designations is an example of some of the many documents Brand marked not responsive:

| Item# | Original Device | File Name | Responsiveness | Privilege Call | Confidentiality | Description |
|---|---|---|---|---|---|---|
| ABCH0010987 | Jeff Maupin old LPMHN5 | Timesheets for 8-4-14 001.tif | Not Responsive | | | |
| ABCH0019057 | Jeff Maupin old LPMHN5 | Internal Slide - West Region1.pptx | Not Responsive | | | |
| ABCH0078812 | Jeff Maupin old LPMHN5 | APS West Phoenix WE 4-26-15.tif | Not Responsive | | | |
| ABCH0080952 | Jeff Maupin old LPMHN5 | Internal Slide - West Region1.pptx | Not Responsive | | | |
| ABCH0090732 | Jeff Maupin old LPMHN5 | Babcock & Wilcox Naughton 9.30.15.xlsm | Not Responsive | | | |
| ABCH0113748 | Jeff Maupin old LPMHN5 | Ed Hughes - April Projections - 04 23 13.xlsm | Not Responsive | | | |
| ABCH0113752 | Jeff Maupin old LPMHN5 | Jeff Maupin - April Projections - 04 23 13 (2).xlsm | Not Responsive | | | |
| ABCH0113772 | Jeff Maupin old LPMHN5 | Ed Hughes - July Projections - 07 08 13.xlsm | Not Responsive | | | |
| ABCH0113829 | Jeff Maupin old LPMHN5 | Jeff Maupin - June Projections - 06 10 13.xlsm | Not Responsive | | | |
| ABCH0113831 | Jeff Maupin old LPMHN5 | Ed Hughes - June Projections - 06 10 13.xlsm | Not Responsive | | | |

In addition, the Court previously found that Brand violated the Forensic Protocol by improperly expanding the Court-ordered search terms. *See* Sept. 27, 2017 Order (Dkt. 217). Brand's

misrepresentation of basic facts in this litigation continues to be troubling.[1]

Similarly, Brand represents that it produced incomplete designations because of documents that "Plaintiffs initially could not match but promptly addressed and found." Dkt. 251, Ltr. from B. Montgomery to the Court, at 1. This statement is again blatantly incorrect. Brand did not find anything. Instead, the parties agreed to exchange the native files of any documents that their respective vendors could not match.

Shortly after Brand identified the documents it could not match, Irex's vendor produced the corresponding native files to Brand for its review. Brand's vendor could not match approximately 10% of all documents in the master lists and, as stated in Brand's letter, Irex's vendor could not match approximately 11.3%. Brand fails to provide any explanation for why a different standard should apply to Irex's vendor than Brand's vendor. Brand's refusal to provide the native files to Irex – the same courtesy agreed to and extended to Brand – is unproductive.

**No Additional Time Is Needed**

Despite the lack of relevance of the files at issue, the parties need to move forward and bring this case to a conclusion. Irex has agreed to produce ***all*** non-privileged documents located on the devices. This will not create thousands of new documents or necessitate the need to delay discovery. First, as explained above, the vast majority of these documents are system files which Brand's counsel has represented can be eliminated from review "in seconds." *See* Sept. 8, 2017 email from M. Levy to A. Harris *et al*. Second, Plaintiffs' already received productions of relevant documents from these devices and other sources and therefore have had such documents for months and, in some cases, over a year.[2]

From the tens of thousands of irrelevant documents mostly consisting of system files, Brand has identified 7 documents that it claims are substantive and support a delay of discovery. *See* Nov. 15, 2017 Ltr. from B. Montgomery to the Court, at 4. A version[3] of the third document, an email regarding Dominion's Clover plant was produced to Brand on October 19, 2016 – ***over a year ago***. Versions of the second and fourth documents, emails to John Kwiatkoski from Michelle Stahlman and Joe D'Ulisse, respectively, were produced to Brand on December 21, 2016 – ***eleven months ago***. The seventh document, the list of potential customers that Mr. Keene believed he might have worked with during his last year at Brand, was provided

---

[1] Brand also argues that Irex should have made privilege designations for documents marked non-responsive. *See* Dkt. 251, Ltr. from B. Montgomery to the Court, at 2 and n.1. This makes no sense and is clearly not what Brand did. If a document is not responsive pursuant to the Forensic Protocol, it is not subject to production.

[2] The devices subject to the Forensic Protocol were previously searched during the discovery process and Irex produced the relevant documents from these devices.

[3] Forensic review may uncover different or additional versions of a particular document, such as if an email was stored in two different places on a hard drive. For the documents described in this paragraph, Irex found either the exact document or a version of the document containing the same substance in its prior productions.

to Brand and marked as exhibit 18 at the hearing on Brand's Motion for Temporary Restraining Order on June 14, 2016 – ***almost a year and a half ago***.[4]

Even Brand's skewed selection from tens of thousands of irrelevant entries, Brand has been in the possession of the majority of these documents for months and, in some cases, over an entire year. Brand cannot credibly claim that a stay of discovery is needed for it to re-examine documents that are clearly in its possession.

**Communications with Specific Individuals**

Pursuant to the Court's October 24, 2017 Order (Dkt. 236), Irex produced all communications that were not "purely personal" between the relevant custodians and certain individuals on November 15, 2017 at 2:24 PM. Despite already being in possession of these documents, Brand falsely implies in its letter to the Court that Irex has not produced them. *See* Dkt. 251, Ltr. from B. Montgomery to the Court, at 2. Once again, Brand seeks Court intervention for documents and information already within its custody and control. Brand's conduct should not be condoned or rewarded with an extension of the discovery deadline.

*****

The Federal Rules of Civil Procedure exist to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Brand's conduct is not in keeping with the spirit or letter of these rules. Brand has, among other things, filed over thirty separate discovery-related motions, refused to compromise on a single issue, routinely filed motions seeking documents and information already in its possession, and repeatedly failed to comply with the Court's Orders. Brand's sole purpose appears to be to increase Irex's costs and to distract Irex's employees from competing with Brand in the marketplace. Discovery must be "proportional to the needs of the case considering … whether the burden or expense of the proposed discovery outweighs its likely benefit" and cannot go on indefinitely. Fed. R. Civ. P. 26(b)(1).

Irex has produced over 150,000 documents from an exhaustive number of sources and custodians including multiple servers, numerous corporate email accounts, hard-copy files, and the personal email accounts of the Individual Defendants. Brand has had the documents it needs for months. The deponents scheduled for next week are Kirk Liddell and Lori Pickell, neither of whom are custodians of devices subject to the Forensic Protocol. There is no reason to stay discovery and Brand's letter motion should be denied.

---

[4] As explained in Irex's November 15, 2017 submission (Dkt. 250), a small number of relevant documents were inadvertently marked non-responsive by Irex's vendor because of the difficulties associated with piecing together document families that Brand's vendor separated into various different spreadsheet tabs. Irex was not able to identify versions of the remaining three documents in prior productions, but none appear to be relevant. The first document relates to Vertical Access submitting a bid to NRG in August 2014. NRG's only relevance is to Denver Keene's and Jeff Maupin's alleged non-compete obligations. Neither Keene nor Maupin worked for Irex until ***over one year later***. The fifth document reflects, at most, information that was in the possession of a vendor, an unrelated third party, and therefore not a Brand trade secret. The sixth document is an irrelevant, one-line email from Bert Rowe to Leslie Johnson and Heather Maszgay that does not reflect Stanich misappropriating any information from Brand. Regardless, Brand will have these irrelevant documents and can easily search and sort through them.

Respectfully,

*/s/Michael S. Hino*

Michael S. Hino

cc: All Counsel of Record (via ECF)