IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAND ENERGY & INFRASTRUCTURE SERVICES, INC., et al. | : : : | CIVIL ACTION |
| v. | : : | |
| IREX CORPORATION, et al. | : | NO. 16-2499 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                          January 2, 2018

The Irex Defendants designated Michael Kelly, Irex's IT Director, in response to my Order of June 16, 2017, requiring a Rule 30(b)(6) deposition concerning the repositories and custodians consulted in making Irex's discovery production and the searches that had been done to that point. Kelly Dep. at 6:11; see also Doc. 178 ¶ 2.[1] In addition, in response to the Rule 30(b)(6) deposition notices issued by Brand, the Irex Defendants designated Mr. Kelly to address a number of the topics listed therein. Kelly Dep. at 226:25-233:2 (counsel arguing about the topics for which Mr. Kelly was designated). After three days of deposition testimony, Brand filed this motion seeking additional Rule 30(b)(6) testimony and sanctions alleging that "Defendants willfully presented Mr. Kelly unprepared to testify . . . , while obstructing Plaintiffs' efforts to obtain what little information he had." Doc. 257 at 5.[2] Defendants respond that Mr. Kelly "testified competently on every topic for which he was designated," and "Brand's only complaint is that it did not like some of Mr. Kelly's answers." Doc. 261 at 1, 4.

---

[1] The deponent is mistakenly identified in the motion as William Kelly.

[2] Brand has also filed a motion requesting oral argument on the motion. Doc. 265.

Brand does not address specific deficiencies regarding each topic, but rather speaks in generalities, complaining for example, that Mr. Kelly responded "'I don't know' approximately 175 times, and otherwise confirmed his lack of knowledge many other times." Doc. 257 at 2. After reviewing Mr. Kelly's deposition, I conclude that Mr. Kelly was an appropriate representative to address the discovery production and Rule 30(b)(6) topics to the extent Brand sought information regarding the electronic discovery conducted pursuant to the Forensic Protocol. See Doc. 89. However, Mr. Kelly's knowledge, whether first-hand or garnered from other sources, of the ordinary discovery production, was lacking.

During the first day of deposition, Mr. Kelly explained that he was personally responsible for the production of emails which were preserved in the archive system. Kelly Dep. 48:20-24. He explained that there had been three email programs used during the relevant time period, Office 365, SherWeb, and Lotus Notes. They migrated to Office 365 shortly after Mr. Kelly arrived at Irex. Kelly Dep. at 26:8-12; 29:24-30:4; see also id. at 6:8-9 (started at Irex in August 2015). However, Mr. Kelly extracted emails from all three systems. Id. at 30:7-10.

Mr. Kelly testified that LDiscovery (Irex's electronic discovery contractor) did the extractions of other information and the imaging of the servers and laptops required by the Forensic Protocol. Kelly Dep. at 48:20-24; 108:15-109:2. During the first day of deposition, Mr. Kelly testified that a server identified as the TS283 (later identified as the Vertical Access server, id. at 42:17-20) had been imaged by LDiscovery. Id. at 31:4-9. He identified other servers (Argus's ReadyNAS 462, IRFile server, Argus QNAP,

2

HPSan, and Barracuda backup server) that had not been imaged. Id. at 50:20-51:17; 53:24-11; 54:23-55:4. During the second day of deposition, Mr. Kelly stated that two of the servers identified at the July 13, 2017 deposition (the ReadyNAS462 and IRFile) were imaged after that deposition, but prior to the October 25, 2017 deposition. Id. at 308:20-309:3; 309:9-16; 311:11-12. He also provided a list of all the servers used by Irex. Id. at 281:14-282:24; Kelly Dep. Exh. 7.[3]

During the first day of deposition, Mr. Kelly was unable to identify what devices used by the Individual Defendants had been searched, and explained that another member of the IT department, Rick Tennant, kept the list of devices used by each person. Kelly Dep. at 86:9-15. However, in the second and third days of deposition, Mr. Kelly provided lists of the computers, mobile devices, cloud storage services, and external storage devices issued to each of the Individual Defendants and those that were searched. Id. at 367:8-368:4; 370:2-24; 438:14-23; Kelly Dep. Exhs. 8 & 10. Thus, I conclude that Mr. Kelly was adequately prepared in these areas.

However, again Defendants conflate the electronic discovery necessary for compliance with the Forensic Protocol with that necessary to fulfill ordinary discovery

---

[3]The list contains more than 50 servers, most of which are identified as "virtual" as opposed to "physical" servers. Kelly Dep. Exh. 7. During the first day of Mr. Kelly's deposition, he testified that the HP San server held storage for all of the servers and also held all of the data for the virtual servers. Kelly Dep. 53:7-11. Brand does not in this motion request searches of additional servers.

obligations, and the Rule 30(b)(6) topics for which Mr. Kelly was designated were not limited to the electronic discovery required by the Forensic Protocol.[4]

Mr. Kelly was unable to provide any information regarding discovery related to physical paper documents. Kelly Dep. at 35:5-17 (indicating that LDiscovery went to the Pittsburgh office to conduct a search of physical paper documents). In addition, the only searches described by Mr. Kelly were those conducted by LDiscovery. When asked, "What have you done since that time, December of 2015, to determine what Brand information was transferred by the individual Defendants to the Irex system?" he responded, "With the exception of the ts283 server being imaged, I did nothing." Id. at 459:20-460:2. Likewise, when asked if he "looked for any Brand confidential proprietary information that was transferred by any of the individual Defendants . . . to the Irex IT system," Mr. Kelly responded that he had not. Id. at 460:20-461:2. Although it is not necessary for a Rule 30(b)(6) designee to have personal knowledge of the information, see In re: Linerboard Antitrust Litig., 237 F.R.D. 373, 382 (E.D. Pa. 2006) (designee "not simply testifying about matters within his or her personal knowledge), Mr. Kelly had no knowledge of the discovery production beyond that done for compliance with the Forensic Protocol.

Although Plaintiffs seek sanctions in the form of fees and costs in addition to an order compelling the production of an additional Rule 30(b)(6) designee, I will deny the

---

[4]Chief Judge Stengel has previously clarified that Defendants' compliance with the Forensic Protocol does not relieve Defendants of their ordinary discovery obligations. See Doc. 195 ¶ 5 & n.4.

monetary sanctions. In essence, Plaintiffs argue that Mr. Kelly's testimony was tantamount to a failure to appear for the deposition. Doc. 257 at 5. I disagree. Mr. Kelly provided a significant amount of information regarding the hardware used by Irex, and the efforts undertaken to comply with the searches required by the Forensic Protocol. However, I will however grant Brand's motion to extent they seek an Order compelling Irex to produce a witness able to testify knowledgeably about the productions and searches conducted in the case not prescribed by the Forensic Protocol. Such deposition shall not exceed two days in length.

  The briefing and deposition transcript are sufficient to allow disposition of the matter.

  An appropriate Order follows.