IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAND ENERGY & INFRASTRUCTURE SERVICES, INC., et al. | : : : | CIVIL ACTION |
| v. | : : | |
| IREX CORPORATION, et al. | : | NO. 16-2499 |

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY, U.S.M.J.                                        January 2, 2018

In its most recent discovery motion, Plaintiffs (collectively "Brand") allege that their electronic discovery contractor has found "deletion activity" on the electronic devices Irex issued to the Individual Defendants and alleged co-conspirators. Doc. 260 at 1. Brand seeks an Order compelling Irex to turn over all images of the Individual Defendants' Irex-issued devices; imposing sanctions in the amount of the fees and expenses Brand incurred in examining the 2017 images, seeking Irex's compliance, and bringing this Motion; and removing the end date for the temporal scope of forensic discovery. Id. Defendants respond that Brand's request amounts to overruling Chief Judge Stengel's Order of November 16, 2016, rewriting the Forensic Protocol, and argues that Brand is using this tactic as a "pretext to its filing of another motion for extension of the discovery period." Doc. 264 at 1.[1]

The Forensic Protocol requires Irex to provide the electronic devices or "full verified forensic copies" of any Irex electronic device issued to or used by any of the

---

[1] Brand also filed a related motion requesting oral argument or, in the alternative, leave to submit an affidavit from their electronic discovery contractor. Doc. 266.

Individual Defendants. Doc. 89 ¶¶ 2 & 3. Irex contends that it complied with the Forensic Protocol, having provided images of the devices after December 31, 2016, to capture information until the Court-imposed end-date for discovery. Doc. 264 at 3.[2] Brand argues that its electronic discovery contractor has "found deletion activity" on all of the devices. Doc. 260 at 1.

Both sides argue about the cost and effort to reimage the devices. See Docs. 260 at 4; 264 at 3. This is irrelevant to the issue at this point. It appears from prior representations to the court that Irex has earlier images of the devices issued to the Individual Defendants. See Doc. 153 at 5 ("all devices subject to the Forensic Protocol were imaged through June 2016"); N.T. 5/16/17 at 49 (indicating imaging done in June 2016). Although Irex argues that production of the earlier images would be duplicative, Irex offers no reason why the earlier images should not be produced, and there would be little to no cost to Irex to produce these earlier images.

Brand expresses concern that Irex returned the electronic devices to the Individual Defendants "without implementing measures to prevent deletion or overwriting deleted content." Doc. 260 at 1. Moreover, "producing only the 2017 images creates a high probability that evidence of transfer and deletion on the devices is being deliberately concealed – or spoliated, if the prior images have been tampered with or destroyed." Doc. 260 at 2. Production of the June 2016 images should alleviate Brand's fear of mass-destruction of electronic evidence as the lawsuit was filed only a month prior.

---

[2] According to Brand, the Irex-produced images were taken in February and July 2017. Doc. 260 at 1.

To the extent Brand seeks monetary sanctions, I will deny the motion. Technically, Irex complied with the Forensic Protocol by providing images of the devices taken after the court's discovery end-date. To the extent Brand asks the court to remove the end date for the temporal scope of forensic discovery, I will also deny the motion. Brand's allegations are that the earlier images will contain evidence of the activities alleged in the Amended Complaint. Extending the end date for the forensic discovery does not aid in that endeavor.

The court finds no need for oral argument or any additional documentation from Plaintiffs' electronic discovery contractor.

An appropriate Order follows.