IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRAND ENERGY & INFRASTRUCTURE : CIVIL ACTION
SERVICES, INC., et al. :
:
    v. :
:
IREX CORPORATION, et al. : NO. 16-2499

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                              January 30, 2018

Plaintiffs seek reconsideration of a portion of this Court's January 2, 2018 Order relating to productions required by the Forensic Protocol. Docs. 273 & 274. In its original motion, Brand asked the court, among other things, to eliminate the end date for the temporal scope of forensic discovery, citing Brand's discovery of 4,600 allegedly misappropriated Brand-sourced documents. Doc. 260. Although I granted Brand's motion to the extent it requested production of all prior images taken of the equipment subject to the Forensic Protocol, I denied Brand's request to eliminate the end date for the temporal scope of forensic discovery and for monetary sanctions. Doc. 269.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs, Inc. v. Dentsply Int'l. Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A motion for reconsideration "must rely on one of three grounds (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest

injustice." <u>West v. Lynch</u>, 710 F.3d 121, 128 (3d Cir. 2013) (citing <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010 (internal quotation omitted). "[M]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." <u>Taksir v. Vanguard Group, Inc.</u>, Civ. No. 16-5713, 2017 WL 3443497, at *2 (E.D. Pa. Aug. 9, 2017) (Rufe, J.) (quoting <u>Calhoun v. Mann</u>, Civ. No. 08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (citation and internal quotation marks omitted, alteration in original)).

Although Brand alleged the need for subsequent documents and files to establish the on-going nature of Defendants' use of Brand-sourced documents for the calculation of its damages, I found no basis to allow forensic discovery beyond that which was already ordered. In their response to the reconsideration motion, Defendants argue that "Brand's eleventh hour attempt to greatly expand the Forensic Protocol one week before the close of discovery, . . . is a transparent attempt to delay these proceedings," Doc. 276 at 3, and an untimely motion for reconsideration of the court's Report and Recommendation of June 2017. <u>Id.</u> at 2.

My Report and Recommendation of June 21, 2017, which was subsequently adopted by the Honorable Lawrence Stengel, specifically set June 2016 as the end date **for devices that had already been imaged at that time.** <u>See</u> Doc. 180 at 21 (adopted by Doc. 192). The imaging of the remainder of the devices was to include documents and files through December 31, 2016. <u>Id.</u> at 20-21 & n.17. Based on Brand's motion, it appears that many of the images provided were done in February and July 2017. Such

images should contain documents/files through December 31, 2016, in order to be in compliance with Chief Judge Stengel's adoption of my Report and Recommendation.

Moreover, my Report made clear that Brand could request that a device be re-imaged and the search term(s) previously found on that particular device could be run on the updated image. See Doc. 180 at 21. Instead of complying with this and identifying specific terms to be run on specific devices, Brand filed the motion to extend the temporal scope of discovery pursuant to the Forensic Protocol. Brand has not explained the source of the allegedly misappropriated Brand-sourced documents, and therefore the court does not know whether these documents were found through the Forensic Protocol or ordinary discovery, or whether they were found on a single electronic device or were discovered on the servers used by the entire company. The fact that Brand asserts that it found 4,600 misappropriated Brand-sourced documents does not provide a basis for adopting a new end date at this late stage. Instead, Brand should have abided by the substantive and procedural rulings in the earlier Report, identified the electronic devices/servers which had hits for the approved search terms, and requested to temporally expand the searches to allow further scrutiny of those devices for those specific search terms.

Similarly, Plaintiffs' motion for reconsideration with respect to sanctions will also be denied.

An appropriate Order follows.