IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAND ENERGY & INFRASTRUCTURE SERVICES, INC., et al. | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| IREX CORPORATION, et al. | : | NO.  16-2499 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                              February 7, 2018

In this motion to compel, relating to Plaintiff's Fifth Request for Production of Documents, Plaintiff's ask the court to order production of documents relating to Irex servers and other devices.  Doc. 278.  In response, Defendants argue that the information Plaintiffs seek does not exist, has already been limited by the court, or is unrelated to the lawsuit.  Doc. 284 at 1.  For the reasons that follow, the motion will be granted in part.

A.      Requests 1 & 2 – Commissioning/Decommissioning of Servers

In the first two Requests, Brand seeks documents "reflecting or relating to the commissioning of" or "decommissioning of each" of a list of Irex servers.  Defendants' Responses to Plaintiffs' Fifth Request for Production of Documents ("Responses to RPD") at 4-5.  Defendants responded that none of the identified servers were commissioned or decommissioned between January 1, 2013 and December 31, 2016, the temporal scope of discovery, but failed to explicitly state that there are no responsive documents.  Id.  If Defendants have any documentation supporting this statement, it should be produced.  Additionally, I note that during his deposition testimony, Michael Kelly, the IT Director for Irex, testified that the ReadyNAS462 server was

decommissioned sometime in 2016.  Kelly Dep. at 43:10-44:3.  In light of that testimony,

I will require that Defendants verify their response that none of the listed servers was

commissioned or decommissioned during the identified period.

      B        <u>Request 3 – Imaging of Servers</u>

In its Third Request, Plaintiffs seek "[d]ocuments reflecting or relating to the

imaging (including, without limitation, the date, method, custodian, file list, and any

exceptions) of" a list of Irex servers.  Responses to RPD at 5.  In response to the Request,

Defendants objected, arguing that the information was protected by the attorney-client

privilege and work product doctrine, the request was overly broad, unduly burdensome,

and not relevant or proportional to the needs of the litigation.  Responses to RPD at 5-6.

Plaintiffs' request for imaging of servers implicates the Forensic Protocol, which

provided for the imaging of any electronic device

> (a) issued by any of the Irex Company Defendants to any of
> the Irex Individual Defendants, (b) issued by any Irex
> Company Defendant and used by any Irex Individual
> Defendant at any time before or during his employment or
> consulting arrangement with an Irex Company Defendant, . . .
> .  In addition, this Protocol Order will cover forensic reviews
> of any other electronic device issued or used by an employee
> of an Irex Company Defendant or of the Plaintiffs that the
> facts reveal are likely to contain Plaintiffs' protected business
> information, evidence of the misappropriation of Plaintiffs'
> protected business information, or evidence of any Irex
> Individual Defendant's violation of non-competition, non-
> solicitation, and/or confidentiality obligations owed to
> Plaintiffs or any other BEIS subsidiary.

Doc. 89 ¶ 3.[1]  In response to the motion, Defendants argue that they "had no obligation to

forensically image **any** server and Brand is not entitled to any such images to the extent

they exist."  Doc. 284 at 3 (emphasis in original).[2]

The question under the Protocol is whether the identified servers were "used by

an employee of an Irex Company Defendant [and] the facts reveal [such servers] are

likely to contain Plaintiffs' protected business information, evidence of the

misappropriation of Plaintiffs' protected business information, or evidence of any Irex

Individual Defendant's violation of non-competition, non-solicitation, and/or

confidentiality obligations owed to Plaintiffs or any other BEIS subsidiary."  Doc. 89 ¶ 3.

Plaintiffs have not met this standard.  Assuming that the backup of documents constitutes

"use" for purposes of the Protocol, Plaintiffs have failed to establish any likelihood that

Brand protected business information exists on the identified servers.[3]  Because

---

[1] The Protocol also included electronic devices in Plaintiffs' control that are not relevant to the current motion.  As used in the Protocol, electronic devices "include, but are not limited to, laptop and other computers, cell phones, other mobile devices such as tablet computers, and portable storage devices (such as USB or "thumb" drives)."  Doc. 89 ¶ 3.

[2] During his first day of deposition testimony, Mr. Kelly testified that only one Irex server was imaged to conduct searches for the document production.  See Kelly Dep at 31:8-9; 36:21-22; 39:2-8 (TS283 in Pittsburgh stored created documents, local storage for branch office).  During the second day of his deposition, Mr. Kelly identified two additional servers that were imaged:  ReadyNAS462 and IRFile.  Kelly Dep. at 308:20-22.

[3] I note that in their most recent motion to compel, Plaintiffs argue that the Individual Defendants used email to transmit Brand documents.  Doc. 285 at 4-5. According to Mr. Kelly's deposition, he extracted the email from the Mimecast server, the only server designated to archive the emails.  Kelly Dep. at 25:7-18.

Defendants had no obligation under the Protocol to image these servers, Plaintiffs are not

entitled to any of the information regarding such imaging, even if it was done.

      C.      <u>Request 6 - Documents Reflecting Servers to which Individual Defendants and Others had Access or Used for Storage</u>

In the Sixth Request, Plaintiffs seek documents reflecting the servers to which the

Individual Defendants and others identified had access or used for storage.  Responses to

RPD at 6.  In response to the Request, Defendants objected that the Request was overly

broad, unduly burdensome, irrelevant and not proportional to the needs of the case.  <u>Id.</u> at

7.  In response to the motion, Defendant argues that "Brand does not – and cannot – cite

any testimony indicating that there are relevant documents on any other server other than

those searched by Irex."  Doc. 284 at 4.

Defendants characterize Plaintiffs' Request as "discovery on discovery."  Doc.

284 at 4.  It appears that Plaintiffs are seeking information regarding Defendants'

discovery and production efforts.  Federal courts "will not compel a party to disclose its

discovery process as a result of the opponent's mere suspicion that the party's process has

not produced adequate documents."  Sean Grammel, <u>Protecting Search Terms As</u>

<u>Opinion Work Product: Applying the Work Product Doctrine to Electronic Discovery</u>,

161 U. Pa. L. Rev. 2063, 2084 (2013) (citing <u>Ford Motor Co. v. Edgewood Props., Inc.</u>,

257 F.R.D. 418, 427 (D.N.J. 2009); <u>In re: Lorazepam & Clorazepate Antitrust Litig.</u>, 219

F.R.D. 12, 17 (D.D.C. 2003); <u>Bethea v. Comcast.</u>, 218 F.R.D. 328, 330 (D.D.C. 2003)).

"Without any showing of bad faith or unlawful withholding of documents . . . , requiring

such discovery on discovery would 'unreasonably put the shoe on the other foot and

require a producing party to go to herculean and costly lengths' . . . ." Id. (quoting

Edgewood, 257 F.R.D. at 428).

Consideration of Defendants' discovery efforts is hampered because I found

previously that Mr. Kelly's testimony was inadequate to respond to all the topics for

which he was designated, including the ordinary (as opposed to pursuant to the Forensic

Protocol) discovery production.[4]  Thus, the court understands Plaintiffs' skepticism.  On

the other hand, it is unclear why Plaintiffs' request comes at this late stage.  Plaintiffs

could easily have requested information about the Individual Defendants' access to

servers early in the litigation, at a time when the parties were embarking on (rather than

completing) their discovery.  Plaintiffs no doubt plan to seek additional discovery based

on Defendants' responses to this request, and at this late stage in the discovery process,[5]

the court will not allow such a prolonged inquiry.  Rather than proceeding through a

multi-step, time-consuming analysis, the court will require defense counsel to confirm

that Defendants have searched the servers that could contain responsive documents.  If

Defendants are unable to confirm this, then such searches and production will need to be

made.

---

[4]I note that Mr. Kelly discussed his efforts to extract the email archives from the
Individual Defendants' Irex accounts, provided them to the law firm that sent them to the
e-discovery team to run the search terms, Kelly Dep. at 24:20-25:8, and the imaging of
three servers that were also sent to the e-discovery team. Id. at 31:8-9; 36:21-22; 39:2-8;
ReadyNAS462 and IRFile. Id. at 308:20-22.

[5]Fact discovery closed on January 31, 2018.   Plaintiffs were aware that there were
additional servers at the time of Mr. Kelly's second and third deposition days on October
25 and November 9, 2017.

D. <u>Requests 7-10 – Documents Reflecting Imaging of Devices Used by Individual Defendants</u>

In their motion, Plaintiffs characterize Requests 7-10 as seeking "documents reflecting the imaging of any electronic device used by Individual Defendants and/or their co-conspirators" and states that it "is reasonably concerned that not all devices were searched and imaged." Doc. 278 at 4. Specifically, in the Seventh Request, Plaintiffs seek the make, model, serial number, and manufacturer of the electronic devices issued by Irex to the Individual Defendants and other identified individuals believed to have conspired with the Individual Defendants. The Eighth Request seeks documents reflecting the leasing of such equipment for the same list of people. The Ninth Request seeks the date on which any such equipment was issued to the list. The Tenth Request seeks documents reflecting the imaging of the same electronic devices, identifying the device, the date it was imaged, and the current custodian of the image. Responses to RPD at 7-11.

Before proceeding to address Defendants' objections, I note that previously I found Mr. Kelly's testimony sufficient to address the discovery efforts undertaken to comply with the Forensic Protocol. Doc. 267. Thus, I do not find Plaintiffs' skepticism justified in this realm. Mr. Kelly provided a list of all the electronic devices supplied by Irex to each of the named individuals. Plaintiffs' Requests are duplicative of information supplied during that deposition and in other discovery requests in the case.

Defendants have previously responded in discovery that certain individuals (D'Ulisse, Russo, and Walls) have never been employed by Irex and Irex never issued

any devices to them. Doc. 284 at 4 n.2. This is a sufficient response to the Requests with respect to these individuals. Similarly, Defendants have also previously provided information regarding the devices issued to the Individual Defendants. See Doc. 146 ¶ 2(a) (referring to Interrogatory 12, requiring Individual Defendants and Company Defendant to identify by make, model, serial number, and manufacturer all electronic devices issued to Individual Defendants); Doc. 176 ¶ 5(a) (ordering production). Defendants represent that they complied with the Order on August 25, 2017. In addition, Mr. Kelly provided a list at the second day of his deposition of all computers, mobile devices, cloud storage services, or external devices issued by Irex to the entire list of individuals. Kelly Dep. 10/25/17, Exh. 8. Thus, the information sought in Request 7 is duplicative. Plaintiffs doubt the accuracy of Defendants' representations as to the completeness of their device list, to be sure. But Defendants have been required in discovery to provide such information, and have provided and will be bound by their responses.

Mr. Kelly was asked about leased equipment at his deposition in November 2017. He testified that other members of the IT Department kept track of all leasing records and checked those records in providing the list of equipment issued to each of the Individual Defendants. Kelly Dep. at 427. In response to the present motion, Defendants state that "Irex has produced documents from all relevant devices." Doc. 284 at 5. The court considers this representation sufficient and will not require the production of documentation regarding any leased equipment at this late date.

Plaintiffs next request documents reflecting the date when Irex issued each of the electronic devices to the named individuals. Plaintiffs' speculation concerning Defendants' discovery efforts is insufficient to require any further response on this line of inquiry. Mr. Kelly provided a list of all the electronic devices issued to the listed individuals. The court will require nothing more.

In the Tenth Request, Plaintiffs seek documents reflecting the imaging of each of the devices used by any of the named individuals, including the information previously listed. This Request will be denied. The court recently ordered Defendants to produce all electronic images of the Individual Defendants' Irex-related electronic devices made in connection with this litigation but not yet produced. Doc. 270.[6]

E. <u>Requests 13 & 14 – Codes of Conduct and Secrecy and Confidentiality Obligations</u>

In its Thirteenth and Fourteenth Requests, Brand seeks documents relating to Irex's codes of conduct and documents imposing obligations of secrecy or confidentiality of Irex information. Responses to RPD at 13. Defendants challenge the relevance of such information and claim that it is not proportional to the needs of the case. Doc. 284 at 5. Brand explains that it seeks this information to "impeach Irex's claim [that] it does

---

[6]Plaintiffs seek documents relating to the electronic devices issued to a list of individuals that includes the Individual Defendants and other individuals identified in the Amended Complaint whom Plaintiffs allege conspired with the named Defendants. As previously discussed, the Forensic Protocol requires the imaging of electronic devices issued by Irex to the Individual Defendants and that of any other Irex employee that the facts reveal are likely to contain Plaintiffs' protected business information. Doc. 89 ¶ 3. Plaintiffs have failed to provide any basis to establish that the devices used by the other individuals are likely to contain Brand's protected business information.

not believe business information of the type at issue in this matter is trade-secret or confidential." Doc. 278.

The court has previously determined that Irex's definition of trade secrets is irrelevant to the issues in the case. Doc. 207 at 2. I find no basis to reverse my decision. Nevertheless, this dispute gives me the opportunity to clarify my prior order. During a recent deposition, I was advised of an issue that arose concerning the import of my ruling that Irex's trade secrets were not relevant to the case. Plaintiffs sought to inquire of Irex witnesses whether they would consider certain information confidential, for the purpose of establishing intent or state of mind as to certain of Plaintiffs' claims, whereas defense counsel viewed the questions as violating my ruling. Although I ruled that Irex's own trade secrets were not relevant, I did not prohibit Plaintiff from inquiring into the Defendants' understanding of confidential business information. A question framed as, for example, "Is that the type of information that you would consider to be confidential?" is an appropriate question and must be answered. The question "Do you consider information [relating to Irex] to be confidential?" goes not to the witness's state of mind, but to Irex's business and is not relevant. I caution Irex's counsel not to direct a witness not to respond unless the question clearly calls for the disclosure of Irex's trade secrets.

An appropriate Order follows.