IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAND ENERGY & INFRASTRUCTURE SERVICES, INC., et al. | : : : | CIVIL ACTION |
| v. | : : | |
| IREX CORPORATION, et al. | : | NO. 16-2499 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                    June 28, 2018

      Fact discovery ended on March 16, 2018. Yet, here we are on June 28, addressing a factual discovery dispute. The current dispute began on December 15, 2017, when Brand filed a motion asking the Court to compel Irex to produce <u>all</u> forensic images of the Individual Defendants' Irex-issued electronic devices. Doc. 260.[1] On January 2, 2018, I ordered the production of the all electronic images of the devices that were made, including those done in June 2016, believing such production would alleviate Brand's fear of mass-destruction of electronic evidence. Docs. 269 & 270. According to Brand, pursuant to my Order, Irex produced 15 forensic images on January 8, 2018. Doc 324 at 2. Brand's forensic vendor provided Irex with the master lists of allegedly unique files[2] on March 16, 2018, the fact-discovery end date. <u>Id.</u> On March 30, Irex returned the master lists to Brand with its designations regarding relevance, privilege, and confidentiality pursuant to the Forensic Protocol Order. <u>See</u> Doc. 89 ¶ 6.

---

      [1]Irex had previously produced images of the Individual Defendants' Irex-issued devices that were made in February and July 2017. Doc. 260 at 1.

      [2]Unique files were those that did not appear on the previously-produced images.

Brand challenged Irex's designations, and after a failed attempt to meet-and-confer to resolve the dispute, Brand filed a motion arguing that Irex had "used the relevance review process to withhold . . . 42,938 of the 44,487 unique, forensic files that received a hit for a Court-approved search term on the [January 8 produced images]." Doc. 324 at 1. After considering Brand's motion and Irex's response (Docs. 324 & 328), I ordered Brand to identify 25 files Irex designated as non-responsive, and Irex to produce those 25 files for in camera review.[3] Doc. 331.

Of the 25 files selected by Brand, Irex argued that only three were "unique," meaning they did not appear on the previously-produced images, and those three were not relevant. Doc. 338. According to Irex, the images produced in January "mainly contain the exact same documents as the images provided to Brand in August 2017." Id. at 1. Brand disputed this characterization. Doc. 334. On June 18, 2018, I held a teleconference with counsel and requested Irex to have its forensic vendor identify the number of duplicate files -- files that appeared on the previously-produced images. Yesterday, Irex responded that of the 44,487 files that appear on the images produced in January, Irex's forensic vendor has identified 10,054 that are duplicates, leaving 34,433 unique files.[4] I am once again reminded that the discovery in this case would have been stream-lined if counsel had allowed their forensic vendors to confer.

---

[3] I also ordered the production of a file identified as A104.1.pdf, which was specifically mentioned in the motion and response. Doc. 331.

[4] I find the need to identify a point on which both sides agree -- 44,487 files appear on the images produced in January.

Based on the information provided by Irex, the images produced in January contain 3,084 emails and user-generated files. Of these, Irex contends approximately 2,070 were contained on the previously-produced images, leaving 1,014 unique email files or other user-generated files. With respect to the 2,070 images it contends are duplicates of previously provided emails and user-generated files, by July 8, 2018, Irex shall allow Brand access to these files. Also by July 8, 2018, Irex shall individually review each of the 1,014 unique email or other user-generated files and produce to Brand any file that is not privileged, irrelevant, or confidential and shall provide Brand **and the court** with a designation sheet, identifying each file withheld and including a proper designation for each file that is not produced. The court will select 25 of the withheld files for in camera review and determine whether a full production is required based on that review.[5]

An appropriate Order follows.

---

[5] The court will not include system files or files contained in the App Data folder as such files are not ordinarily user-generated.